WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emelio Osorio-Rosas,<br><br>              Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>              Respondents. | No. CV-19-03150-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Camille D. Bibles's Report and Recommendation ("R&R") (Doc. 12) to deny and dismiss Petitioner Emelio Osorio-Rosas's Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1.) Petitioner filed an Objection to the R&R. (Doc. 13.) Respondents filed a response (Doc. 14.) For the reasons set forth below, the Court overrules the Objection and adopts the Magistrate Judge's R&R.

**I.    PROCEDURAL HISTORY**

An Arizona Superior Court jury convicted Petitioner of indecent exposure to a minor, aggravated assault, and three counts of sexual conduct with a minor. (Doc. 12 at 1.) Petitioner directly appealed his conviction, solely arguing that the trial court "granted him too few days of presentence incarceration credit." *State v. Osorio-Rosas*, No. 1 CA-CR 12-0321, 2013 WL 1777346, at *1 (Ariz. Ct. App. Apr. 25, 2013). The Arizona Court of Appeals modified the sentence to reflect the adequate presentence incarceration credit but otherwise affirmed the conviction and sentence. *Id.* at *2. Petitioner did not seek review from the Arizona Supreme Court. (Doc. 12 at 2.) Consequently, Petitioner's

conviction became final on May 31, 2013.[1]

Petitioner filed his first state action for post-conviction relief on July 5, 2013. (*Id.*) On April 23, 2015, a state habeas court denied relief. (*Id.*) Petitioner did not appeal that ruling. (*Id.*) On May 19, 2015 and June 17, 2015, Petitioner submitted two motions, which the state court collectively treated as his second petition for post-conviction relief and denied. (*Id.*) Petitioner waited two years before filing what the state court construed to be his third petition for post-conviction relief. (*Id.* at 3.) Once again, the state trial court found Petitioner's claims to be precluded by his failure to raise them on appeal and denied relief. (*Id.*) Petitioner appealed the dismissal to the Arizona Court of Appeals, which granted review but denied relief. (*Id.*) The Arizona Supreme Court denied review.

Petitioner filed the present Petition on May 15, 2019. Magistrate Judge Bibles issued the R&R at issue on June 1, 2020. (Doc. 12.) Petitioner filed his Objection on June 8, 2020.[2] (Doc. 13.) Respondents filed a response on June 10, 2020. (Doc. 14.)

## II.   LEGAL STANDARDS

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). The Court only reviews *de novo* those portions

---

[1] The R&R incorrectly asserts that judgment was finalized when the Arizona Court of Appeals issued its mandate on June 14, 2013. (Doc. 12 at 4.) Judgment is final when the time for seeking review with the state's highest court expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2011) (holding that a petitioner's "judgment [becomes] final when his time for seeking review with the State's highest court expire[s]"). Therefore, Petitioner's conviction became final when his time for seeking review in the Arizona Supreme Court expired on May 30, 2013. (Doc. 5 at 17; Doc. 14 at 2.) The difference between the two dates is immaterial to the Magistrate Judge's conclusion that Petitioner's claims are time-barred.

[2] On June 22, 2020, Petitioner filed a reply (Doc. 15) in support of his Objection. While the Federal Rules of Civil Procedure permit objections to a R&R, and a response to the objections, they do not provide for a reply. *See* Fed. R. Civ. P. 72(b)(2). Because Petitioner was not permitted to file a reply, the Court will not consider it.

of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court is not required to "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (*quoting* Fed. R. Civ. P. 72(b)). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citations omitted). Thus, a general objection "has the same effect as would a failure to object." *Warling*, 2013 WL 5276367 at *2 (*quoting Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Haley v. Stewart*, No. CV-02-1087-PHX-DGC (CRP), 2006 WL 1980649, at *2 (D. Ariz. July 11, 2006)).

Habeas petitions are within the scope of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA prescribes a one-year statute of limitations for habeas petitions. 28 U.S.C. § 2244(d)(1). The one-year period begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### III. DISCUSSION

The R&R recommends that the Petition be denied. As further explained in the R&R, the one-year statute of limitations for filing a federal habeas action expired on May 2, 2016. (Doc. 12 at 4.) Petitioner did not demonstrate that he is entitled to equitable tolling of the statute of limitations. Petitioner has also not sufficiently established his actual, factual innocence of the crimes of conviction to warrant an examination of the merits of his claims for relief. (*Id*. at 6.)

Petitioner fails to provide specific objections to the Magistrate Judge's R&R.

Petitioner's Objection is organized into two sections. (Doc. 13 at 2, 8.) In "Objection Analysis #1," Petitioner reargues his ineffective assistance of counsel claims. (*Id.* at 2.) This section includes scanned pages of the R&R, which have been underlined and marked-up by hand with abbreviated assertions of "IAC" (presumably "ineffective assistance of counsel"). (*Id.* at 5-6.) The Court cannot identify any specific objections to the R&R's reasoning or analysis within this portion of Petitioner's Objection. The Court finds that Petitioner merely reasserts the merits of his previous claims for relief. Therefore, the Court will not treat this section as a proper objection to the R&R.

Petitioner's "Objection Analysis #2" is similarly inadequate. In this section, Petitioner reargues the merits of his cruel and unusual punishment, ineffective assistance of counsel, and improper evidence at sentencing claims for relief. (*Id.* at 8.) Petitioner does discuss the AEDPA's statute of limitations, arguing that his untimeliness "was through no-fault [sic] of his own." (*Id.*) Petitioner solely offers vague and conclusory statements in support of his claims, including of a "cover-up" and general "external force[s]" which prevented him from filing on time. (*Id.*) These statements are insufficient to trigger *de novo* review because Petitioner does not point to any specific findings or rationale contained within the R&R to which he objects. Petitioner also argues that his claims are proper under 28 U.S.C. § 2244(b)(2)(B). (Doc. 13 at 9.) This argument is inapposite as it relates to standards of review for the dismissal of subsequent habeas petitions filed under 28 U.S.C. § 2254. The Court concludes that the "Objection Analysis #2" section is not a proper objection to the Magistrate Judge's R&R.

After carefully reviewing Petitioner's Objection, the Court finds that it merely serves as a general objection to the Magistrate Judge's R&R. Consequently, the Court treats it the same way it would treat a failure to object. Therefore, the Court is under no obligation to conduct a *de novo* review of the R&R. Although it has no obligation to do so, the Court nonetheless has considered the general objections and reviewed the R&R. The Court agrees with Magistrate Judge Bible's R&R and accepts the recommended decision.

Lastly, a certificate of appealability should issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not substantially showed that dismissing his petition would deny him a constitutional right. The Court will not issue a certificate of appealability.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation. (Doc. 12.)

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment, terminating this case.

Dated this 18th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge